IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA DAVID CONWELL,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:15-CR-684 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

It appears that Defendant has exhausted his administrative remedies.[2]  However, the Court finds that Defendant has failed to demonstrate extraordinary and compelling reasons to support his request.

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[3]  Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[4]

In his pro se Motion, Defendant mainly complains of a childhood diagnosis of hemopneumothorax, which has allegedly caused lung damage.  However, there is no evidence that Defendant has been treated for any lung condition while in custody.  Further, Defendant has failed to show that he might be at a higher risk for severe illness because of this diagnosis should he contract COVID-19.

Defendant's medical records do reflect that he has been diagnosed with hypertension. The Centers for Disease Control and Prevention has stated that people with hypertension may be

---

[2] Docket No. 55-2.

[3] 28 U.S.C. § 944(t).

[4] U.S.S.G. § 1B1.13, Application Note 1(A).  While this commentary has not been amended since the passage of the First Step Act, the Tenth Circuit continues to refer to it in deciding motions under § 3582(c).  *United States v. Pinson*, ---F. App'x---, 2020 WL 7053771, at *3 n.5 (10th Cir. Dec. 2, 2020) (citing *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020)).

at a higher risk for severe illness from COVID-19. However, Defendant's diagnosis is rather recent and he is now being treated with medication.[5] The medical records provided to the Court contain only one blood pressure reading after Defendant began receiving medication.[6] Thus, the efficacy of Defendant's treatment is unclear at this point. Without additional information, the Court cannot conclude that Defendant is more susceptible to contracting COVID-19 or suffering a more serious reaction. While the Court is sympathetic to Defendant's concerns, he has not demonstrated extraordinary and compelling reasons for his release.

Even if Defendant could demonstrate extraordinary and compelling reasons, he has failed to show that he is no longer a danger to the community or that his release comports with the factors set out in 18 U.S.C. § 3553(a). Defendant has a lengthy criminal history and the offense at issue here involved the illegal possession of a firearm and controlled substances. In addition, Defendant has incurred a number of disciplinary actions while in custody. These facts demonstrate that release is not appropriate.

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 55) is DENIED.

DATED this 13th day of January 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[5] Docket No. 57-1, at 7–8.
[6] *Id.*

3